**Not for publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-2254

UNITED STATES OF AMERICA,

Appellee,

v.

LUIS GOMEZ-AVILA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Kayatta, Stahl, and Barron,
Circuit Judges.

Luis Rafael Rivera and Luis Rafael Rivera Law Offices on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Thomas F. Klumper, Assistant United States Attorney, on brief for appellee.

August 10, 2016

**PER CURIAM**.  Luis Gomez-Avila was indicted in connection with a large-scale drug distribution ring operating in Carolina, Puerto Rico.  Ultimately, Gomez-Avila pled guilty to charges that he conspired to possess and distribute large quantities of narcotics (Count 1 of the indictment) and that he used a firearm while doing so (Count 6 of the indictment).

The terms of Gomez-Avila's guilty plea were memorialized in a plea agreement with the government which provided, in relevant part, that Gomez-Avila could seek a sentence of between 121 and 151 months on Count 1, and that the parties would jointly recommend a sentence of sixty months on Count 6 (to run consecutive to the sentence imposed in Count 1).  In the plea agreement, Gomez-Avila waived the right to appeal his judgment and sentence, provided that the district judge sentenced him in accordance with these recommendations.  And, the district judge did just that, sentencing Gomez-Avila to 121 months on Count 1 and a consecutive sixty months on Count 6.

As his brief candidly concedes, Gomez-Avila's appeal is foreclosed by the appellate waiver provision contained in the plea agreement.  Gomez-Avila does not so much as suggest either that the waiver does not apply, see United States v. Okoye, 731 F.3d 46, 49 (1st Cir. 2013) (describing the "threshold inquiry" of whether the appeal "falls within the scope of the waiver-of-appeal provision"), or that the waiver is somehow unenforceable, see

- 2 -

United States v. Gil-Quezada, 445 F.3d 33, 36 (1st Cir. 2006) (noting that appellate waivers must be entered into "knowingly and voluntarily" and may not be enforced if doing so would "work a miscarriage of justice").  Thus, any such argument is waived.  See United States v. Arroyo-Blas, 783 F.3d 361, 367 (1st Cir. 2015). The appellate waiver must be enforced and the appeal **dismissed**.[1]

---

[1] Gomez-Avila's claim would fare no better even were we to consider its merits.  For one, Gomez-Avila's argument that the district court's hands were unconstitutionally "tied" by the applicable mandatory minimum sentences is one that has been consistently rejected.  See United States v. Gonzalez-Ramirez, 561 F.3d 22, 30 (1st Cir. 2009) ("[I]t is beyond cavil that Congress has the power to set statutory minimum and maximum sentences to which courts must adhere." (citing Chapman v. United States, 500 U.S. 453, 467 (1991))).  Nor is there merit to Gomez-Avila's claim (raised for the first time on appeal) that the district court erred in finding a sufficient factual basis to support his conviction for use of a firearm in furtherance of the conspiracy.  The record soundly supported this conclusion.  For example, at Gomez-Avila's change of plea hearing, he affirmed on the record that the government's allegation that he "use[d] and carr[ied] firearms during and in relation to the drug trafficking activities" was true and correct.